## The Beattie Corporation *vs*. William H. Gidley.

MARCH 21, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action in assumpsit to recover for labor and materials furnished in repairing and strengthening a breakwater owned by the Warwick Country Club. The defendant is commodore of the club and a member of its committee authorized to build and care for the breakwater. After a verdict for the plaintiff for $1,700, the trial justice granted defendant's motion for a new trial. The case is here on exceptions of both parties: on plaintiff's exception to the granting of said motion and on exceptions to rulings made in the course of the trial; and on defendant's exceptions to the denial of his motion to direct a verdict in his favor and to the refusal to strike out testimony.

In 1930 the Warwick Country Club, by a committee of which the defendant and one Harris were members, entered into a written contract with Roy H. Beattie, personally, for the erection of a breakwater in front of the club's property. The work was completed in the fall of the same year. At the end of September, 1930, Mr. Beattie had received all money due him under the contract, except a balance of $686. During the following winter a portion of the breakwater

settled and collapsed. In March, 1931, Mr. Beattie was paid said balance of $686. Shortly after the last payment was made, other portions of the breakwater commenced to settle.

Mr. Beattie contends that, although portions of the breakwater had already collapsed, the final payment was made without any promise on his part to do anything and that the collapse was due not to faulty construction but to the existence of springs beneath the bed of the bay.

The defendant contends that Mr. Beattie received the final payment only after agreeing to make a test, as soon as the weather permitted, to ascertain whether the collapse was due to faulty construction. No test was made.

In his rescript the trial justice said: "Upon this issue the weight of the testimony, supported by reason and probability, is against the plaintiff. It is hardly conceivable that a committee of an organization would consider any payment under the circumstances, unless it sought to ascertain by some test, at least, the cause of the damage."

There was considerable discussion between the defendant and Mr. Beattie as to what should be done to repair the breakwater. In the meantime, Mr. Beattie incorporated his business, but apparently the defendant and other members of the committee had no knowledge that Mr. Beattie was no longer doing business as an individual.

Mr. Beattie contends that the final understanding was that his corporation would do certain work on a cost plus 10% basis and that defendant Gidley would be personally responsible for the payment.

The strongest evidence the plaintiff has to charge the defendant personally is the following testimony of Mr. Beattie: "Mr. Gidley told me that he had decided to do certain work on the south arm of the breakwater. . . . Mr. Gidley said, after the thing was discussed, that I was to go ahead and do the work for him under the direction of Mr. Harris." The witness admitted that Mr. Gidley did not use the word "personally."

The application for the permit to make the repairs was prepared by Mr. Beattie as an application of the Warwick Country Club and was sent by him for the signature of the treasurer of the club. Mr. Beattie had constructed the breakwater under a contract with the club. Messrs. Gidley and Harris had represented the club throughout the transaction. Although Mr. Beattie testified that he was told at one time that the club was without funds, no explanation is made as to why Mr. Gidley and Mr. Harris, when discussing the matter of repairs, should be considered as representing Mr. Gidley, personally, instead of the club, or why Mr. Gidley should, personally, assume the expense of the repairs. Furthermore, the work was charged on the plaintiff's books to the "Warwick Country Club" and not against the defendant and all bills sent for the work were headed "Warwick Country Club."

Assuming that the above testimony of Mr. Beattie is true, there is nothing to warrant an inference by him that Mr. Gidley was no longer acting as an agent of the club and that he intended to bind himself personally. The books of the plaintiff and its conduct in billing the work to the Warwick Country Club and not to the defendant show that Mr. Beattie understood that he, or his corporation, was doing business with the club and not with Mr. Gidley personally. Furthermore, after the work was completed plaintiff in a letter to defendant stated: "I assume that you are waiting to settle this account until your committee can meet." The defendant's name does not appear on the plaintiff's books. It is clear that any claim which Mr. Beattie, personally, or his corporation has in this matter is against the Warwick Country Club and not against the defendant Gidley.

The plaintiff's exception to the granting of a new trial is overruled. The defendant's exception to the denial of his motion for a direction of a verdict in his favor is sustained. It therefore becomes unnecessary to consider the other exceptions.

The plaintiff may, if it shall see fit, appear on March 28, 1934, and show cause, if any it has, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*Clifford A. Kingsley, Francis V. Reynolds,* for plaintiff.

*William H. Edwards, Edward Winsor, Edwards & Angell,* for defendant.